HAMITER, Justice
(dissenting).
The majority holding herein is based principally, if not entirely, on the decision in Gueno et al. v. Medlenka et al., 238 La. 1081, 1082, 117 So.2d 817, in the rendition of which I did not participate because I was absent from the Court, (by reason of á death in my immediate family) at the tinle such case was argued orally and submitted. And inasmuch as I cannot subscribe to the views expressed, as well as to the conclusion reached, in the Gueno controversy I am compelled to dissent in the-instant matteh
Our jurisprudence is well settled that an oil, gas and mineral lease is, in effect, the same as an ordinary lease on real property and that all bonuses, delay rentals and royalties paid thereunder are considered and classified as rents. See Milling v. Collector of Revenue, 220 La. 773, 57 So.2d 679 and the numerous cases therein cited. This being true such income can be regarded only as civil fruits that belong to the usufructuary of the leased land, for in the Louisiana Revised Civil Code it is stated:
“Civil fruits are rents of real property, the interest of money, and annuities.
“All other kinds of revenue or income derived from property by the op *966 eration of the law or private agreement, are civil fruits.” Article 545.
“All kinds of fruits, natural, cultivated or civil, produced, during the existence of the usufruct, by the things subject to it, belong to the usufructuary.” Article 544.
With reference to this court’s opinion rendered on the original hearing in Gulf Refining Company v. Garrett et al., 209 La. 674, 25 So.2d 329, which appears to have been referred to approvingly and relied on in support of the decisions in both the Gueno case and the present matter, the following comment contained in Milling v. Collector of Revenue, supra, is significant and enlightening: “Whatever may be said of the views expressed in the Garrett case with reference to the existence of a distinction between rent from an ordinary lease and royalty from a mineral lease, they represented the convictions of the author and are not in accord with the jurisprudence of this Court. Moreover, they were never adopted by the Court and cannot be accepted as authoritative, since ‘By the granting of a rehearing * * * both the decree and the entire supporting opinion of. this court .on * * * original hearing were set aside and vacated.’ Gulf Refining Company v. Garrett, supra. On rehearing, 209 La. at page 702, 25 So. 2d at page 338.” [220 La. 773, 57 So.2d 681]
Accordingly, I respectfully dissent.